UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESSE LEON,  )
 ) 2:07-cv-02334-GEB-GGH
            Plaintiff,  )
 ) <u>ORDER TO SHOW CAUSE</u>
     v.  ) <u>AND CONTINUING STATUS</u>
 ) <u>(PRETRIAL SCHEDULING)</u>
SUPERIOR ASSET MANAGEMENT, INC.,  ) <u>CONFERENCE</u>
 )
            Defendant.  )
                                  )

       The October 30, 2007, Order Setting Status (Pretrial Scheduling) Conference ("October 30 Order") scheduled a status conference in this case for February 4, 2008, and required the parties to file a joint status report no later than fourteen days prior to the status conference.  The Order further required that a status report be filed regardless of whether a joint report could be procured.[1]  No

---

[1] As the Order states:

> The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to

(continued...)

1

status report was filed.

Plaintiff is Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on March 17, 2008, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for his failure to file a timely status report.

Plaintiff's written response shall also explain whether Plaintiff has served Defendant with a copy of the October 30 Order.[2] If Plaintiff has not yet served Defendant with a copy of the October 30 Order, Plaintiff shall also show cause why he and/or his counsel should not be sanctioned for failure to timely serve Defendant with a copy of the Order.

The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[3]  If a hearing is requested, it will be held on March 31, 2008, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  In accordance with the requirements set

---

[1](...continued)
   participate as ordered, the party timely
   submitting the status report shall include a
   declaration explaining why it was unable to
   obtain the cooperation of the other party or
   parties.

October 30 Order at 2 n.1.

[2]   As prescribed in the October 30 Order, Plaintiff was required to serve Defendant with a copy of the October 30 Order "[c]oncurrently with the service of process, or as soon thereafter as possible . . . ."  October 30 Order at 1.

[3]   "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

forth in the October 30 Order, a status report shall be filed no later than 14 days prior to the status conference.

IT IS SO ORDERED.

Dated: February 4, 2008

GARLAND E. BURRELL, JR.
United States District Judge